United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2007**

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 07-60005
Summary Calendar

---

WOODLAND VILLAGE NURSING CENTER

Petitioner

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES

Respondent

---

On Appeal from the Department of Appeals Board
of the United States Department of Health and Human Services
No. 06-38

---

Before WIENER, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Woodland Village Nursing Center ("Woodland Village") is a skilled nursing facility located in Diamondhead, Mississippi that provided care to Medicare beneficiaries. Woodland Village appeals a final agency decision of the Secretary of Health and Human Services (the "Secretary") imposing a civil monetary penalty ("CMP") on Woodland Village for noncompliance with certain Medicare participation requirements. The Secretary, acting through the Centers

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for Medicare and Medicaid Services ("CMS"), assessed the CMP against Woodland Village after a survey by the Mississippi State Department of Health revealed that Woodland Village was not in substantial compliance with a Medicare regulation requiring it to provide residents with sufficient fluids to maintain proper hydration and health.[1]  An administrative law judge ("ALJ") upheld CMS's determination that a care deficiency existed with respect to one resident but reduced the amount of the CMP from $600 per day to $100 per day upon finding that CMS failed to make a prima facie showing of any care deficiencies with respect to three other residents.[2]  Woodland Village appealed the ALJ's decision to the Department of Health and Human Services' Departmental Appeals Board ("DAB"), which affirmed the Secretary's noncompliance finding and imposition of the $100-per-day CMP.[3]  On appeal to this court, Woodland Village challenges the Secretary's noncompliance finding as unsupported by substantial evidence and asserts that the imposition of a CMP constituted an abuse of discretion.

"The findings of the Secretary with respect to questions of fact, if supported by substantial evidence in the record, shall be conclusive."  42 U.S.C. § 1320a-7a(e).  For the reasons set forth in the DAB's thorough opinion, we affirm the Secretary's factual findings with regard to the deficiency supporting

---

[1]  See 42 C.F.R. § 483.25(j) ("Each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care. . . . Hydration.  The facility must provide each resident with sufficient fluid intake to maintain proper hydration and health.").

[2]  The $100-per-day CMP was assessed from July 16, 2002, the date on which the Mississippi State Department of Health performed the survey, to September 19, 2002, the date on which Woodland Village was found to be in substantial compliance with 42 C.F.R. § 483.25(j).  See 42 C.F.R. § 488.438(a)(ii) (authorizing penalties in the range of $50-$3000 per day "for deficiencies that do not constitute immediate jeopardy, but either caused actual harm, or caused no actual harm, but have the potential for more than minimal harm").

[3]  The DAB's decision constitutes the final decision of the Secretary and is reviewable by this court.  See 42 U.S.C. § 1320a-7a; 42 C.F.R. § 498.90.

the CMP. We agree with the DAB that substantial evidence supports the finding that, with respect to Resident #4, Woodland Village failed to comply with the hydration regulation set forth in 42 C.F.R. § 483.25(j).

Because the Secretary's noncompliance finding is supported by substantial evidence, neither the ALJ nor the DAB abused its discretion in upholding the imposition of the CMP. See 42 C.F.R. § 488.438(e). Moreover, we agree with the DAB's determination that substantial evidence supports the reasonableness of the imposition of a $100-per-day CMP. Woodland Village's assertion that its resident-care deficiency did not cause actual harm or the potential for more than minimal harm is without merit.

Accordingly, the decision of the Departmental Appeals Board is AFFIRMED.